# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

STEPHEN E. HOLLICH,  )
             Plaintiff  )
    )
vs.  )  CASE NO. CV94-PWG-2055-NE
    )
DANIEL S. GOLDIN, Administrator,  )
National Aeronautics and Space  )
Administration,  )
    )
             Defendants  )

ENTERED OCT 28 1997

## MEMORANDUM OPINION

The above-entitled civil action is before the undersigned magistrate judge for resolution of the defendant's motion for summary judgment filed April 11, 1997. All evidentiary material, arguments and authorities have been submitted to the court by the parties, and the motion is ready for disposition.

### JURISDICTION

This matter is before the undersigned magistrate judge with the consent of the parties pursuant to 28 U.S.C. § 636(c).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Stephen E. Hollich, filed a *pro se* complaint on August 24, 1994, against Daniel S. Goldin, as Administrator of the National Aeronautics and Space Administration (NASA). Attorney

John Benn now represents Mr. Hollich. Mr. Hollich is and was at all times pertinent to this action an employee of NASA, assigned to the George C. Marshall Space Flight Center (MSFC) in Huntsville, Alabama. Mr. Hollich brought suit pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; Title VII of the Civil Rights Act of 1964; the Civil Service Reform Act of 1987; the Rehabilitation Act of 1973, § § 501, 503, and 504, as amended (29 U.S.C. § § 791, *et seq.*); the Age Discrimination in Employment Act of 1967 (ADEA) (29 U.S.C. § § 621, *et seq.*); and 29 C.F.R. § 1614.204. Plaintiff sought redress for alleged discrimination in employment on the basis of race, sex, age, color, and handicap in connection with consideration for the Senior Executive Service Candidate Development Program (SESCDP). Plaintiff also alleges that defendant retaliated against him for an earlier suit filed in this court, *Hollich v. Goldin*, CV93-N-2131-NE. An earlier motion for summary judgment by defendant resulted in the dismissal of all claims except for those brought pursuant to the ADEA and the Fifth Amendment.

## Factual and Procedural Background

Mr. Hollich applied for the SESCDP on February 12, 1993. On May 12, 1993, Mr. Hollich was advised he was not selected on May 12, 1993. After requests for reconsideration, he received a final rejection letter on August 23, 1993. On October 29, 1993, Mr. Hollich discovered a matrix, created in July 1993, revealing the gender, age and handicap status of selectees for the SESCDP. He contacted an EEO counselor on November 2, 1993. Mr. Hollich filed a charge of discrimination on the basis of age, sex, race, color, handicap, and retaliation, with NASA's Office of Equal Opportunity Programs on November 17, 1993 (Agency Docket No. NCN-94-MSFC-B011). On February 3, 1994, the associate administrator of Equal Opportunity Programs issued a final agency decision

2

dismissing the charge as untimely pursuant to 29 C.F.R. § 1614.105(a)(1),[1] and (a)(2). Plaintiff appealed the decision to the Equal Employment Opportunity Commission (EEOC) on February 14, 1994. He filed this action on August 24, 1994. On September 1, 1994, the EEOC affirmed the agency's determination of untimeliness. Plaintiff sought reconsideration on September 14, but the EEOC terminated action on the administrative complaint on October 28, 1994, due to the pendency of this action.

In a report and recommendation entered November 15, 1996, and adopted by the district court on December 16, 1996, the undersigned determined that Mr. Hollich had not pursued his administrative remedy in a timely manner. However, it was also determined that Mr. Hollich gave notice to the EEOC of his intent to file suit against the agency in his February 14 appeal,[2] within 180 days of the alleged discrimination, and filed this action no less than 30 days after notifying the EEOC of his intent to file suit. Thus, Mr. Hollich was determined to have satisfied the procedural requirements for the non-administrative remedy available to federal employees claiming age discrimination in employment.

---

[1] Title 29 C.F.R. § 1614.105(a)(1) provides:

> (a) aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap must consult a counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) an aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

[2] The documents submitted by Mr. Hollich on February 14, 1994, were not provided to the court until after the instant motion for summary judgment was filed.

3

Defendant subsequently filed his second motion for summary judgment, on the basis of the statute of limitations for ADEA actions and failure to state a claim under the Fifth Amendment on which relief can be granted.

## Motion for Summary Judgment—ADEA Claim

In his motion for summary judgment, Mr. Goldin avers he is entitled to judgment as a matter of law on Mr. Hollich's Fifth Amendment claim because any constitutional claim has been preempted by the relevant statutory remedies. Defendant also contends that Mr. Hollich's ADEA claim is due to be dismissed because he did not provide the EEOC with a proper notice of intent to file suit against the agency in his February 14, 1994, appeal. Mr. Goldin also asserts he is entitled to summary judgment on the ADEA claim because it was filed after expiration of the applicable statute of limitations. Mr. Hollich argues that because the statute of limitations was shortened after he filed this action, and because he was proceeding *pro se* at the time, it would be unfair to apply the statute of limitations announced after this action was commenced to bar his ADEA claim.

Defendant contends first that Mr. Hollich's February 1994 submissions to the EEOC cannot be considered as a notice of intent to sue, in light of EEOC regulations and the lack of any specific reference in the submission to an intent to file a civil suit. Assuming, *arguendo*, that Mr. Hollich provided a sufficient notice of his intent to file an action against the agency, it remains necessary to consider the defendant's second contention regarding the ADEA claim.

Defendant urges this court to apply the statute of limitations announced by the Eleventh Circuit Court of Appeals in *Edwards v. Shalala*, 64 F.3d 601 (11th Cir. 1995), to bar plaintiff's ADEA claim. Prior to *Edwards*, certain district courts within the Eleventh Circuit had addressed the

4

applicable limitations period for federal employees claiming violation of the ADEA.[3] *See Edwards v. Shalala*, 846 F. Supp. 997 (N.D. Ga. 1994) (applicable limitations period same as for private ADEA actions); *Taylor v. Espy*, 816 F. Supp. 1553 (N.D. Ga. 1993) (limitations period same as Title VII period for federal employees); *Attwell v. Granger*, 748 F. Supp. 866 (N.D. Ga. 1990) (choosing between ADEA limitations period in 29 U.S.C. § 626(e) and general six-year limitations period in 28 U.S.C. § 2401(a)). In *Edwards*, the Eleventh Circuit held that the Title VII limitation period found at 42 U.S.C. § 2000e-16(c)[4] was the most appropriate statute from which to borrow the applicable limitations period for ADEA actions brought by federal employees directly into federal court. Thus, a federal employee would have to wait 30 days after providing the EEOC with notice of intent to sue, then file suit in federal court within 90 days after expiration of that 30-day period. Applying *Edward's* limitation period to the facts of this case would require Mr. Hollich to have filed this action within 120 days after notifying the EEOC of his intent to sue the agency. If plaintiff's February 14, 1994, appeal to the EEOC is construed as a notice of intent to sue, then he must have filed this action

---

[3] The Supreme Court, in *Stevens v. Department of the Treasury*, 500 U.S. 1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991), stated that an ADEA plaintiff must provide notice of intent to sue to the EEOC within 180 days from occurrence of the alleged unlawful practice and must wait at least 30 days from the date of the notice before filing suit in federal court. The court did not address how long after expiration of the 30-day period suit must be filed. In *Stevens*, the plaintiff filed suit within one year and six days after the alleged discrimination, within whatever statute of limitations might have applied.

[4] Title 42 U.S.C. § 2000e-16 provides:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit . . . , or after 180 days from the filing of the initial charge with the department, agency, or unit . . ., an employee, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . . .

The version of this statute prior to 1991 amendments, in effect when *Stevens* was decided, provided for 30 days rather than 90.

5

by June 14, 1994, to be timely under the limitation period set forth in *Edwards*. Because this action was not filed until August 24, 1994, it is barred by the statute of limitations announced in *Edwards*.

Mr. Hollich contends that the limitation period of *Edwards* should not be applied to him because the applicable limitation period at the time of filing appeared to be longer, and he was proceeding *pro se*. While the statute of limitations for federal employees claiming age discrimination, as declared in *Edwards*, would bar Mr. Hollich's ADEA claims, this court must determine whether that limitation period should be applied retroactively. At the time of the events made the basis of this action and the filing of the complaint, the applicable statute of limitations was not settled in this circuit. *See Edwards, supra*, at 605 n. 8. It was not until September 15, 1995, just over a year after the commencement of this action, that the limitation period of 42 U.S.C. § 2000e-16(c) was adopted.

When considering the retroactive applicability of decisions newly defining statutes of limitations, courts have focused on the action taken in reliance on the old limitation period—usually, the filing of an action. Where a litigant filed a claim that would have been timely under the prior limitation period, the Supreme Court has held that the new statute of limitations would not bar his suit. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 608-609, 107 S.Ct. 2022, 2025-26, 95 L.Ed.2d 582 (1987); *American Trucking Associations, Inc. v. Smith*, 496 U.S. 167, 194, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990); *Chevron Oil Co. v. Huson*, 404 U.S. 97, 107-109, 92 S.Ct. 349, 355-57, 30 L.Ed.2d 296 (1971); *see also Kimbrough v. Bowman Transportation, Inc.*, 920 F.2d 1578, 1582-83 (11th Cir. 1991). Where no established precedent indicates the appropriate limitations period, a shortened statute of limitations will be applied retroactively to a suit filed before establishment of the limitations period. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). Further, if a court announcing a new limitations period applies the period

6

to the parties before it in that litigation, the new limitation period is generally applied retroactively. *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

*Chevron Oil Co. v. Huson, supra*, advises that nonretroactivity is appropriate in certain defined circumstances. There the Court held that a decision specifying the applicable state statute of limitations in another context should not be applied retroactively because the decision overruled clear Circuit precedent on which the complaining party was entitled to rely, because the new limitations period had been occasioned by a change in the substantive law the purpose of which would not be served by retroactivity, and because retroactive application would be inequitable. However, the viability of *Chevron Oil* has been questioned by the Eleventh Circuit in *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), in light of the Supreme Court's later decision in *Beam, supra*. In *Beam*, a majority of the Supreme Court disallowed applying *Chevron Oil* to cases in which the new rule was applied in the same case in which it was announced. *Beam*, 501 U.S. at 537-44, 111 S.Ct. at 2445-48. *See McKissick v. Busby*, 936 F.2d at 522; *Kendrick v. Jefferson County School Board*, 932 F.2d at 913; *Kimbrough v. Bowman Transportation, Inc.*, 920 F.2d 1578, 1582-83 (11th Cir. 1991); *see also Lampf, Pleva, Lipkind, et al. v. Gilbertson*, 501 U.S. 350, 364, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) (announcing and applying a new and shorter statute of limitations to bar a claim where the plaintiffs may have relied on the previous statute of limitations).

In *Edwards v. Shalala*, the Eleventh Circuit applied the shorter limitations period it announced to bar Edwards' claims as untimely. Therefore, Supreme Court and circuit precedent require that the *Edwards* limitation period be applied retroactively to Mr. Hollich's case. As previously stated, Mr. Hollich would have had to file this action by June 14, 1994, to come within the applicable limitation period. The complaint in this action was not filed until August 24, 1994, over 60 days past the

7

expiration of the limitation period. While the application of the shortened period to bar consideration of this action may seem harsh:

> [Y]et regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*United States v. Locke*, 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985). Mr. Hollich also has argued that he should be relieved of application of a shorter limitations period because he was proceeding *pro se* when he filed the complaint. While a *pro se* complaint is to be read liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *pro se* litigants are still subject to the same procedural rules and statutes of limitation as parties represented by attorneys. *See Toles v. Jones*, 888 F.2d 95 (11th Cir. 1989); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989). Mr. Hollich's ADEA claim is barred from consideration by the court by the applicable statute of limitations.

## Motion for Summary Judgment--Fifth Amendment Claim

Defendant asserts Mr. Hollich's Fifth Amendment claim must be dismissed for failure to state a claim on which relief can be granted. The Supreme Court stated in *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), that where Congress has created a comprehensive statutory remedy for adverse employment actions (the Civil Service Reform Act), courts should not supplant or add to such remedies by recognizing constitutionally-based claims. *See also Stephens v. Department of Health and Human Services*, 901 F.2d 1571 (11th Cir. 1990) (Civil Service Reform Act provides exclusive remedy for federal employee challenging allegedly prohibited personnel

8

practices); *Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981) (ADEA is exclusive remedy for age discrimination in federal employment; Fifth Amendment claim properly dismissed); *Porter v. Adams*, 639 F.2d 273 (5th Cir. 1981) (Civil Rights Act protects federal employee from retaliation; direct action under Fifth Amendment no longer available); *Favors v. Ruckelshaus*, 569 F. Supp. 363 (N.D. Ga. 1983) (where employee did not lose job but was only denied promotion, no Fifth Amendment claim for deprivation of liberty or property was cognizable); *Weiss v. Marsh*, 543 F. Supp. 1115 (M.D. Ala. 1981) (Fifth Amendment not available to redress employment discrimination in federal employment as Congress provided alternate remedy). Therefore, defendant is due judgment as a matter of law on Mr. Hollich's Fifth Amendment claim.

In accordance with the foregoing, it is **ORDERED, ADJUDGED and DECREED** that defendant's motion for summary judgment on plaintiff's ADEA and Fifth Amendment claims is due to be and is hereby **GRANTED** and judgment is hereby **ENTERED** in favor of defendant and against plaintiff on the ADEA and Fifth Amendment claims. Because summary judgment has now been granted in favor of defendant on all of plaintiff's claims in this action, this action is hereby **DISMISSED WITH PREJUDICE**.

**DONE** this 28th day of October, 1997.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

9